IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Sheila Bowers,

    Plaintiff,

        vs.                          Case No. 14-4020-JTM

Wells Fargo Bank, N.A. *et al.*,

    Defendants.

MEMORANDUM AND ORDER

Following standard procedure after its removal, the court assigned this action on March 24, 2014, to both a United States Magistrate Judge, for conduct of pretrial matters including discovery, and a United States District Judge. Subsequently, in light of the marked similarity of many of the allegations of the underlying action and those advanced in *Bowers v. Mortgage Elec. Registration System*, No. 10-4141-JTM, the matter was reassigned to the undersigned. (Dkt. 7).

The matter is before the court on the plaintiff's Motion to Order Reassignment and Objection to Change of Judge. (Dkt. 12). By this motion, the plaintiff seeks either the assignment of the action to a different United States Magistrate Judge or a different District Judge. Plaintiff's motion is entirely without justification, save that it "seems equitable" that the case should be viewed by "either two sets of familiar eyes or two sets of fresh eyes." (*Id*. at 2).

The case was properly reassigned for reasons of judicial efficiency, and plaintiffs' motion can only be considered a motion for recusal under 28 U.S.C. §§ 144 and 455. *See Zhu v. Johns*, 2007 WL 23333230, at *1 n. 1 (D. Kan. Aug. 16, 2007). Under § 144, the burden is on the movant to establish "personal bias or prejudice" on the part of the judge; under § 455, the movant must show a reasonable person might question the impartiality of the judge. Plaintiff does not even attempt to meet either burden. "[R]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" are not valid grounds for recusal. *United States v. Cooley*, 1 F.3d 985, 993-94 (10th Cir. 1993). Absent a valid justification for recusal, a judge has duty to hear each assigned case. *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir.1995).

IT IS ACCORDINGLY ORDERED this 9th day of April, 2014, that the plaintiff's Motion for Order (Dkt. 12) is hereby denied.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE