IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Sheila Bowers,

    Plaintiff,

vs.                                                   Case No. 14-4020-JTM

Wells Fargo Bank, N.A. and Shapiro &
Mock, L.L.C,

    Defendants.

MEMORANDUM AND ORDER

Numerous motions are now before the court. Plaintiff has moved to remand the action (Dkt. 19); defendants Wells Fargo and Shapiro & Mock have moved to dismiss the initial complaint as well as the subsequent Amended Complaint filed following the initial motions to dismiss. (Dkt. 15, 24, 37, 42). Plaintiff has moved for leave to amend the complaint (Dkt. 31), and substitute a party representative. (Dkt. 44). Most recently, Plaintiff has filed a pleading seeking to stay further pleading until the motions to amend and for remand are resolved.

Plaintiff seeks remand on the grounds of a lack of complete diversity. Specifically, the plaintiff argues that the diversity does not exist because both the estate of Bowers and the defendant law firm, which operates as a limited liability company (LLC) are residents

of Kansas. (Dkt. 19, at 2). In advancing her motion, plaintiff relies on K.S.A. 17-7673, which defines when an LLC comes into existence for purposes of Kansas law.

The motion to remand is denied. The statute cited by the plaintiff, and the authorities subsequently presented in her Reply in support of the motion, (Dkt. 28, at 4-5) address the status of LLC's under Kansas law; they simply do not address the separate question of how LLC's are domiciled under federal law for purposes of determining diversity jurisdiction. This court has explicitly determined that for such purpose, an LLC is a citizen of each state in which its members reside. *Amco Ins. Co. v. Mark's Custom Signs, Inc.*, No. 12–2065–CM, 2012 WL 1721896 at * 1 (D. Kan. May 16, 2012). Here, it is uncontroverted that member attorneys of Shapiro & Mock reside in Florida and Illinois.

The motion to remand is denied because the removed claim appears to satisfy the requirements for diversity jurisdiction. However, the court also notes that the Notice of Removal explicitly alleges additional grounds for diversity. First, it asserts federal question jurisdiction, in light of the plaintiff's claims under various federal statues. (Dkt. 1, ¶ 4). In addition, the Notice explicitly alleges that the plaintiff fraudulently joined Shapiro & Monk. (*Id*. at ¶¶ 16-21). Each of these would an additional basis for federal jurisdiction, yet plaintiff addresses neither in her motion to remand.

The Motion to Remand is accordingly denied. Plaintiff's Motion for Stay is denied as moot in light of this determination. Wells Fargo has explicitly responded to the Motion to Amend, and the defendants' renewed Motions to Dismiss on July 17, and July 28 are effectively responses to the plaintiff's June 29 Motion to Amend.

The court will address the motions to dismiss and amend by the same order.

Accordingly, the court enters the following briefing schedule to resolve the remaining motions:

- Plaintiff shall file a combined Response to the Motions to Dismiss/Reply in support of the Motion to Amend *no later than September 12, 2014.*

- Defendants may file Replies in support of the their renewed Motions to Dismiss *no later than September 26, 2014.*

IT IS SO ORDERED this 8th day of August, 2014, that the Plaintiff's Motion to Remand (Dkt. 19) is hereby denied.

 s/ J. Thomas Marten

J. THOMAS MARTEN, CHIEF JUDGE