IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Cleo Clemmons, Administrator of the
Estate of Sheila Bowers, deceased, *et al.*,

    Plaintiffs,

vs.                    Case No. 14-4020-JTM

Wells Fargo Bank, N.A., *et al.*,

    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Wells Fargo's Motion for Sanctions (Dkt. 49) under FED.R.CIV.Pr. 11, and the plaintiffs' Motion to Alter and Amend the dismissal of the action. (Dkt. 87).

The present action arises from the decision of an elderly couple, Roy and Sheila Bowers, to refinance their home. The couple reached a satisfactory agreement for refinancing with the lender Wells Fargo. However, the escrow agent assigned to the case mistakenly released the first mortgage lien prior to the closing. The Bowers made several months payments before the error was discovered. Aided by their present counsel, the Bowers brought an action against an electronic mortgage servicing entity employed by Wells Fargo alleging fraud, conversion, slander of title, and other misconduct. *Bowers v.*

*MERS*, No. 10-4141-JTM (*Bowers I*). Wells Fargo intervened in the action. After extensive discovery and litigation, the court granted the defendants' motions for summary judgment, denying the Bowers's claims, and granting Wells Fargo's counterclaim seeking an equitable mortgage on the residence, based on the terms of the intended refinancing. Finding the plaintiffs' claims lacking in any substantial merit, the court also granted the defendants' motion for attorney fees.

After the termination of *Bowers I*, and while the appeal in that case was pending before the Tenth Circuit, counsel for plaintiffs filed this action (*Bowers II*) in Shawnee County, Kansas District Court. The 192-paragraph Complaint filed in *Bowers II* is essentially a carbon copy of that filed in *Bowers I*, except that counsel added claims against Wells Fargo's attorneys in *Bowers I,* the law firm of Shapiro & Mock, LLC. The claims against Shapiro & Mock are premised entirely on their actions in seeking to protect Wells Fargo's mortgage interest in the property.

After Wells Fargo moved to dismiss the action, plaintiffs' counsel sought and obtained multiple extensions to file a response, in part based upon the death of Sheila Bowers. Counsel subsequently filed an Amended Complaint (Dkt. 30) which advanced no new cause of action. Rather, the Amended Complaint simply reworded a few of the allegations from the original Complaint.

Only two days later, counsel for plaintiffs filed a Motion to Substitute Second Amended Complaint (Dkt. 31). In a declaration attached to the motion, counsel stated that she "has had more time to reflect" on the Amended Complaint, and believed it was

2

"necessary" to advance aditional allegations. The Second Amended Complaint raises arguments with respect to discovery disputes addressed in *Bowers I.*

On December 22, 2014, the Tenth Circuit affirmed this court's award of summary judgment in *Bowers I.*

On December 30, 2014, this court granted the motions to dismiss (Dkt. 15, 24, 37, 42) filed by the defendants in *Bowers II*. (Dkt. 83). The court found that the Bowers' claims were barred by the doctrine of res judicata and the statute of limitations. Noting the death of Roy Bowers during the pendency of *Bowers I*, and of Sheila Bowers during *Bowers II*, the court concluded that these losses were made "doubly unfortunate that [their] last years were marked by the meritless litigation urged on by their counsel." (*Id*. at 11).

The motion for sanctions now before the court was filed prior to the Order dismissing the action. Resolution of the sanctions motion was delayed by repeated requests for extensions of time for the filing of plaintiffs' response (Dkt. 54, 61, 71, 75).

*Motion to Alter and Amend*

Before addressing plaintiffs' Motion to Alter and Amend the dismissal of the action, the court first must address plaintiffs' recently-filed Motion for Reconsideration (Dkt. 107), which seeks to overturn the court's denial of a requested extension of time to file a reply in support of the motion to alter and amend. The only basis for relief cited in the motion for extension was an unspecified out-of-town trip by plaintiff's counsel. The court denied the request, noting "(a) the fact that counsel's out-of-town travel does not commence until

March 12, 2015; (b) the extremely brief Responses (Dkts. 103, 104) of the defendants to the Motion to Alter and Amend; and (c) the protracted nature of the present litigation, pending nearly a year, in which the relevant res judicata issues have been manifest from the date of the Wells Fargo's initial Motion to Dismiss, filed April 14, 2014." (Dkt. 106).

The present Motion for Reconsideration offers a variety of grounds, coupled with a general insinuation that the court considers "distasteful [counsel's] advocacy on issues that I believe in on facts that I am very certain are true." (Dkt. 107, at 4) The motion further contends that counsel suffers from "medical restrictions" and that as a result under the Americans with Disabilities Act, 42 U.S.C. § 12010 *et seq*. she "should be afforded reasonable accommodation." (*Id*., at 1, 2).Counsel suggests the denial was premised on "hostility upon possible assumptions [which] just cast doubts upon the case." (*Id*. at 3). In these comments, counsel apparently is elliptically referring to separate litigation brought by another Kansas attorney, seeking to stave off his disbarment. *Hawver v. Marten*, No. 14-4084-DGK.[1] Counsel also represents her "full belief that Roy and Sheila [her late clients] would expect that we go" on the "planned spring break trip with my daughter and husband. (*Id*. at 4, 5). Finally, counsel again references other litigation in which she states

---

[1] In *Hawver*, the plaintiff seeks an injunction requiring the undersigned to intervene and prevent his disbarment by the judiciary of the State of Kansas. As to the undersigned, plaintiff explicitly seeks declaratory relief "and no monetary damages." (Dkt. 1, ¶ 131). The case has been assigned to the Chief Judge of the Western District of Missouri. (Dkt. 21). The court notes that the court has dismissed Hawver's claims against the defendants involved in the state disciplinary panel (Dkt. 49), and further denied Hawver's request for injunctive relief as moot in light of the February 23, 2015 decision by a three-judge panel disbarring the plaintiff.

she has "*had very successful outcomes and these types of claims in the six figure range.*" (*Id*. at 4) (emphasis by counsel).

Reconsideration is not justified. Counsel's medical condition was not cited as grounds for the extension, only the planned vacation. The Court will not consider such a new argument raised for the first time in a motion for reconsideration. *HR Tech., v. Imura Internat'l*, 2011 WL 836734, *3 (D. Kan. March 4, 2011). The suggestion that the court has not been accommodating to counsel or bears her any personal animosity is completely devoid of any rational basis in fact.

The original rationales for the denial of the extension remain fully applicable. The out-of-town travel, now acknowledged to be entirely personal in nature, did not commence until the day before the deadline for a response. The defendants' Responses to the Motions to Alter and Amend (Dkts. 103, 104) were extremely brief, each presenting no more than three pages of argument. Finally, given the *many* extensions previously granted counsel, and the great length of time already allotted to plaintiffs to show some basis for this repetitive litigation, further delay would not materially advance the interests of justice.

Turning to the merits of the Motion to Alter and Amend, the court first notes that plaintiffs ground the request for relief on Fed.R.Civ.Pr. 56, which governs summary judgment. A request to alter and amend a judgment is governed by Rule 59, not Rule 56.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously

misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court finds no basis for setting aside the dismissal of the action. Plaintiffs' motion to alter and amend (Dkt. 87, 88) is a repetition of earlier arguments in both *Bowers I* (Dkt. 48, 70, 132, 134, 138) and *Bowers II* (Dkt. 56, 57). Plaintiffs have failed to present any newly-discovered evidence which would support the requested reconsideration. The present action does add claims against Wells Fargo's prior law firm, but as the court noted in its order of dismissal, the actions by the defendant law firm took place in the context of its representation of Wells Fargo, and that defendant is also entitled to the protection of res judicata.

*Rule 11 Sanctions*

The court uses an objective standard to review an attorney's conduct under Rule 11; the question is whether a reasonable and competent attorney would believe in the merit of the argument. *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th

Cir.1991). Subjective bad faith is not required to trigger Rule 11 sanctions. *Burkhart ex rel. Meeks v. Kinsley Bank*, 804 F.2d 588, 589 (10th Cir.1986). "A good faith belief in the merit of an argument is not sufficient; the attorney's belief must also be in accord with what a reasonable, competent attorney would believe under the circumstances." *White v. Gen. Motors Corp.*, 908 F.2d 675, 680 (10th Cir.1990) (citing *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988)).

"Under Rule 11, the person who signs a pleading, motion, or other paper filed with the court, certifies that he or she has conducted a reasonable inquiry into the factual and legal basis for the filing, and that the substance of the filing is well-grounded in fact and law." *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir.1992).

The decision whether a Rule 11 violation was committed is committed to the discretion of the district court. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404-409 (1990). However, once a Rule 11 violation is found to exist, the imposition of some sanction is mandatory. *See Griffen v. City of Okla. City*, 3 F.3d 336, 342 (10th Cir.1993) ("Rule 11 requires the district court to impose sanctions if a document is signed in violation of the Rule"). The court retains discretion to determine the appropriate sanction. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir.1990)

If sanctions are required, the court will consider the type and extent of the sanctions in light of the purposes of Rule 11: "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." *Id.* Deterrence, not compensation to the

injured party, is the primary goal. *Id.* The amount of sanctions must be the minimum amount necessary to deter future violations. *Id.* at 680.

Courts have repeatedly held Rule 11 is violated when a party, without justification, attempts to resurrect previously-dismissed litigation. "A plaintiff may be sanctioned under Rule 11 for filing claims barred by res judicata." *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir.1989). *See also Huntsman v. Perry Local Schools Bd. of Educ.*, 379 Fed.Appx. 456, 463 (6th Cir. 2010) (concluding district court did not err in imposing sanctions against attorney "for filing this complaint which was so clearly barred by the statute of limitations and by res judicata"); *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir.1986) ("[w]ithout question, successive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11") (*overruled on other gds., Cooter & Gell*, 496 U.S. at 384); *Kountze v. Gaines*, 536 F.3d 813, 819 (8th Cir. 2008) (affirming award of sanctions in action by whose "claims ... were virtually identical to those filed by his father" in earlier litigation). *Cf. Matric IV, Inc., v. American Nat. Bank & Trust*, 649 F.3d 539, 553 (7th Cir. 2011) (upholding denial of sanctions against plaintiff since application of res judicata "was not so clear cut").

In *Cory v. Fahlstrom*, 143 Fed.Appx. 84, 88 (10th Cir. 2005), the court declined to award sanctions on appeal for plaintiff's repeated assertion of previously-rejected arguments. However, in reaching this conclusion, the court stressed plaintiff's *pro se* status and the possibility that he "may not have ... understood" that the district court's warning against further reargument applied to an appeal. *Id.* The court otherwise warned that

sanctions would be properly awarded if plaintiff continued:

> This appeal is indeed frivolous, and Mr. Cory would have no just cause for complaint if sanctions were imposed. Whatever the arguable merits of his original case, he lost, and it is an abuse of the judicial system for him to continue to harass his opponents with repeated litigation of the same claims.... A court is not like a pin-ball machine, in which a player dissatisfied with his result can try his hand over and over again. Once a litigant has had a full and fair opportunity to present his claims in court and has lost, it is time for him to "accept" the result, at least to the extent of refraining from bringing repetitive lawsuits.

*Id. See also Nikols v. Chesnoff*, 435 Fed.Appx. 766, 773 (10th Cir. 2011) (finding district court erred in denying as moot a motion for sanctions arguing the case was precluded by res judicata, while simultaneously granting defendant's motion to dismiss on the same grounds).

This court has awarded sanctions under Rule 11 where "plaintiff's counsel, after a reasonable inquiry, should have determined that plaintiff's claims against the Attorneys were barred by res judicata, collateral estoppel, and the applicable Kansas statute of limitations." *Augustine v. Adams*, 88 F.Supp.2d 1166, 1174 (D. Kan. 2000).

In contrast, in "a close decision for the court," the court in *Sheldon v. Khanal*, No. 10-2412-CM 2010 WL 3825489, *2 (D. Kan. 2010), ultimately decided against awarding sanctions because "an intervening event occurred before counsel filed this case," the reversal of a related New York state court decision. "Arguably," the court concluded, "this decision gave counsel reason to believe that it might be appropriate to file another action based on the same set of events." *Id*. But for this intervening event, the court stressed, "[c]ounsel's act in filing a case that, in the court's eyes, is fairly clearly barred by the

9

doctrine of res judicata, borders on objectively unreasonable." *Id.*

As this court observed in *Zhu v. St. Francis Health Center*, 413 F..Supp.2d 1232, 1242-43 (D.Kan. 2006), "[t]he time to end this litigation is well past." The *pro se* plaintiff in *Zhu* filed five lawsuits stemming from the same operative set of facts, lawsuits which were "not merely without merit [but] manifestly abusive, overreaching and straining on court resources." *Id.* Accordingly, the district court granted defendant's motion to dismiss on res judicata grounds. The Tenth Circuit affirmed the dismissal, finding that "[b]ecause the relevant facts in Ms. Zhu's federal complaint are all related in time, space and origin to the relevant facts in her state complaint, the district court did not err in concluding that they arose out of the same transaction or series of connected transactions and that Ms. Zhu's RICO claim therefore was barred by res judicata." *Xianguyan Zhu v. St Francis Health Ctr.*, 215 F3d.Appx. 717, 720 (10th Cir. 2007) After the district court fixed the amount of sanctions, the Tenth Circuit affirmed the award. 278 Fed.Appx. 825 (10th Cir. 2008)

In determining whether to assess sanctions, the court takes note of the substantial award of attorney fees granted Wells Fargo in *Bowers I*. However, the award in *Bowers I* served no punitive purpose. The amount of fees was never directly challenged by the plaintiffs. (*Bowers I*, Dkt. 352, at 8-10). Rather, the court stressed that the size of the award was directly proportional to the "unboundedly aggressive strategy" employed by plaintiffs' actions in extensive and needless discovery and meritless legal argument. The court further noted that it had been explicitly forced to "admonish plaintiff against the repetition of losing arguments." (*Id.* at 7).

Rather than taking these repeated admonitions to heart, counsel instituted *Bowers II*, and has never presented any colorable rationale why the principle of res judicata would not apply. Moreover, none of the considerations recognized in other cases as mitigating against an award of sanctions is present here. The motion for sanctions is not directed at a *pro se* litigant, but at counsel. There was no intervening court decision which might arguable justify the filing of a second action. The court concludes that the filing of *Bowers II* was not objectively reasonable.

*Amount of Sanctions*

Plaintiffs' response to the Motion for Sanctions (Dkt. 82) wholly fails to address the appropriate *type* or *amount* of sanctions to be imposed in light of the factors recognized in *White*. The response, moreover, fails to even acknowledge the elements of res judicata. Indeed, the response mentions the doctrine in a single passage, in its conclusion, with plaintiffs suggesting the doctrine is irrelevant in *Bowers II* because "the claims pled were not before the Court" previously in *Bowers I. Dkt.* at 13. This misunderstands res judicata, which as noted in the court's earlier Order, applies to claims which were *or could have been* brought in the earlier action. As in *Zhu*, plaintiffs' claims in *Bowers II* "all related in time, space and origin to the relevant facts in [the first federal] complaint," and arise "out of the same transaction or series of connected transactions," and are consequently barred by res

11

judicata.[2]

No amount of intemperate language can remedy this legal flaw. Indeed, counsel's hyperbolic language ("this Counsel can be beat to the ground but eventually another will stand in my place" and "[t]he issues in [*Bowers II*] were bigger than the Bowers and they are bigger than these two Counsel" (Dkt. 82, at 13-14)) raises the concern that even now counsel fails to understand finality of the court's orders, thereby directly highlighting the need for some minimum sanction sufficient to deter a *Bowers III*.

IT IS ACCORDINGLY ORDERED this 18th day of March, 2015, that the Plaintiffs' Motions to Alter and Amend (Dkt. 87) and for Reconsideration (Dkt. 107) are denied; defendant's Wells Fargo's Motion for Sanctions is granted. Counsel is hereby enjoined from filing any future litigation on behalf of the Bowers or their estate representatives; Wells Fargo shall submit in camera documentation as to the amount of its legal expenses in the present action within 20 days of this Order.

---

[2] The court further notes that Wells Fargo apparently gave counsel a draft of the motion for sanctions prior to filing, with the pointed reminder that time remained for counsel to dismiss *Bowers II*. Rather than seizing the opportunity to avoid sanctions, counsel replied with a rambling letter avoiding any discussion of the elements of res judicata. Instead, without any indication that she had actually consulted her remaining clients (now the Bowers Estates), counsel refused to withdraw the action. Further, counsel stressed events occurring in *other* mortgage lending cases. Comparing the "important consumer and social litigation" in the present case to *Plessy v. Fergusyon*, counsel indicated that the narrow interest of her putative clients carried little weight, since "these claims are much larger than the Bowers. They had a social conscience which lives through their legacy." (Dkt. 49-3, at 4).

                                         <u>s/ J. Thomas Marten</u>
                                         J. THOMAS MARTEN, JUDGE