IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Cleo Clemens Administrator of the Estate
of Sheila Bowers, deceased, *et al.*,

                    Plaintiff,


        vs.                                    Case No. 14-4020-JTM


Wells Fargo Bank, N.A., *et al.*,

                    Defendants.



MEMORANDUM AND ORDER

This matter is before the court for the determination of the amount of sanctions to

be awarded defendant Wells Fargo pursuant to the court's prior order granting such relief.

(Dkt. 108). The court incorporates herein the findings and conclusions of that Order.

As a preliminary matter, the court first notes that the Notice of Appeal filed by the

plaintiffs, in addition to challenging the dismissal of the action, also addresses specifically

the court's award of sanctions.

In its prior Order, the court granted the request for sanctions, but did not fix the

amount of sanctions. The court discussed generally the standards applicable to Rule 11

sanctions (Dkt. 108 at 7-8), observed that plaintiff's Response to the sanctions motion was

completely silent as to the type or amount of sanctions (*id*. at 11), and directed counsel for

defendant to submit documentation as to the amount of attorney fees sought. (*Id*. at 12).

The Order imposing sanctions under Rule 11 is an interlocutory order which is not final, and hence appealable, until this court determines the amount of sanctions. *Stewart v. Freeport-McMoran Oil & Gas*, No. 91-1433, 1992 WL 401592, *1 (10th Cir. Dec. 22, 1992) ("[a]n order awarding attorney's fees" under Rule 11 and 28 U.S.C. § 1927 "but not setting the amount of such fees is not a final order for purposes of appellate review"). *See Phelps v. Washburn Univ.*, 807 F.2d 153 (10th Cir. 1986) (adopting rule with respect to attorney fees); *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (rule applies whether attorney fees are imposed under statute or as sanctions under Fed.R.Civ.Pr. 37). This court retains jurisdiction to address "the issue of fees and costs as a sanction for continued vexatious conduct" because the "notice of appeal divests the district court of jurisdiction over matters *involved in the appeal*, but it retains jurisdiction to consider collateral matters such as sanctions." *Hutchinson v. Beckworth*, 474 Fed.Appx. 736, 739 (10th Cir. 2012) (emphasis in *Hutchinson*, citing *Lancaster*, 149 F.3d at 1237).

As noted in the court's prior order, the determination of the amount of sanctions to be imposed is committed to the sound discretion of the district court. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990).

Payment of the injured party's attorney fees is the sanction which is "generally" imposed under Rule 11, but such an award remains "but one of several methods of achieving the various goals of Rule 11.'" *White v. General Motors*, 908 F.2d 675, 684-85 (10th Cir. 1990) (*White I*) (quoting *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988)). When granting attorney fees under Rule 11 the court must

"independently analyze the reasonableness of the requested fees and expenses." *White v. General Motors Corp.*, 977 F.2d 499, 501 (10th Cir. 1992) (*White II*). This assessment must take into account "1) the accuracy and completeness of the time records, 2) the difficulty or complexity of the case, and 3) the potential for duplication of services." *Id.* at 501 n. 1 (citing *Ramos v. Lamm*, 713 F.2d 546, 553–555 (10th Cir.1983)). Further, the court must interpret the award in light of the purpose of Rule 11, which is to deter future violations, not to compensate the opposing party. *Id.* at 502. Thus, the sanctions to be awarded should be the "*minimum* that will serve to *adequately* deter the undesirable behavior." *Id.* (emphasis in original, citations omitted).

Pursuant to the court's Order, counsel for defendant has submitted *in camera* billing records for its participation in the action. In total, defendant seeks to recover $49,907.52 in fees and expenses. This total is based upon 134 hours of attorney time (billed at $210 to $365 per hour), 59.9 hours of administrative and legal assistant time ($105 to $165 per hour), and $461.24 in expenses (reflecting the $400 filing fee for removal of the action, along with copying and document delivery expenses).

Wells Fargo was required to address plaintiffs' motion to reassign the case (Dkt. 12), which this court found was in effect a motion to recuse and denied as unsupported, as well as plaintiffs' Motion to Remand (Dkt. 19). However, Wells Fargo's responses to these motions, which lacked any substantial merit, were relatively brief.[1]

While the court has previously noted (Dkt. 106) "the protracted nature of the present

---

[1] *See* Dkt. 13 (14 pages); Dkt. 20 (3 pages).

3

litigation," this is not a function of the complexity of the action.  In the same order, the court noted that "the relevant res judicata issues have been manifest from the date of the Wells Fargo's initial Motion to Dismiss." Nor has the delay been driven by discovery, which has not occurred.

Rather, the delay was at the request of *all* the parties, with plaintiffs submitting six motions for relief from a filing deadline, co-defendant Shapiro & Mook six motions, and Wells Fargo itself submitting six motions.[2] Of the plaintiffs' Motions for Extensions of Time, Wells Fargo opposed only one (Dkt. 79).

The core of Wells Fargo's action was its Motion to Dismiss (Dkt. 15) as modified after plaintiffs submitted an Amended Complaint (Dkt. 30) without prior approval of the court. However, the defendant's consolidated motion to dismiss this new complaint and for denial of leave to amend (Dkt. 39) also largely covered the same issues previously raised by the original motion to dismiss, with Wells Fargo stressing the nearly identical nature of the plaintiff's pleadings.

The court is sympathetic to the defendants, who have been forced to undertake the present, needlessly repetitive litigation. Further, as discussed in the court's order awarding sanctions, plaintiff has failed to offer any substantial defense to the award of sanctions, or any argument at all as to the amount of sanctions.

However, the court finds that the defendant should not be awarded the full amount

---

[2] Plaintiffs (Dkt. 22, 54, 61, 71, 79, 105), Shapiro & Mook (Dkt. 18, 35, 40, 65, 69, and 99), and Wells Fargo ((Dkt. 32, 60, 67, 89, 97, and 101).

of its attorney and legal services fees itemized in the documentation submitted to the court, an amount exceeding $50,000 in total. The court is unconvinced that all of the fees sought were essential to the resolution of the action.

In *White I*, the court stressed that a party seeking sanctions under Rule 11 is not automatically entitled to the full amount of its invoiced legal services. The court observed:

> The injured party has a duty to mitigate costs by not overstaffing, overresearching or overdiscovering clearly meritless claims. In evaluating the reasonableness of the fee request, **the district court should consider that the very frivolousness of the claim is what justifies the sanctions**. Indeed, it is difficult to imagine how GM could have reasonably incurred $172,382.19 attorney's fees and expenses in ridding itself of this frivolous suit on summary judgment. We recognize that plaintiffs' attorneys followed "scorched earth tactics," and launched the kind of paper blizzard that we have condemned elsewhere, But the expenditure of 1263.88 attorneys' and 96.44 legal assistants' hours to defend this suit through summary judgment seems incredible.

908 F.2d at 684 (emphasis added, citations omitted).[3]

From the very beginning, the doctrine of res judicata was manifestly applicable to, as Wells Fargo has characterized it, plaintiff's "second bite at the judicial apple." (Dkt. 39, at 2). Indeed, the court granted the award of sanctions *primarily because application of the doctrine was so obvious*. Given this fact, the court concludes that awarding as sanctions the full fee requested by Wells Fargo would not advance the interests protected by Rule 11.

---

[3] The *White I* court further noted that the defendant GM had stressed in its Brief that the "'the dispositive legal issues of release, duress, and slander are neither novel nor unsettled, and plaintiffs' claims ran afoul of hornbook law.'" 908 F.2d at 684 n. 7. Here, Wells Fargo's original motion to dismiss argues that "[t]o say that [Bowers] had her day in Court is an understatement." (Dkt. 16, at 1). Further "[u]nder no reasonable *interpretation* of res judicata principles could *Bowers I* not represent a full and fair opportunity to litigate all aspects of this situation." (*Id.* at 11) (emphasis added).

As noted earlier, the touchstone for determining the amount of sanctions under Rule 11 is deterrence rather than compensation. "The appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff." *White I*, 908 F.3d at 684 (citing *Doering*, 857 F.2d at 195-96. That is, the court's fundamental goal is to ensure that the underlying conduct will not be repeated in the future. The court accordingly takes into account all of the various circumstances of the case supporting an award of sanctions which have been identified in all of its prior orders. However, the court also notes that counsel for the plaintiffs is a single practitioner, and Wells Fargo has failed to show that counsel otherwise possesses any substantial economic resources. In its discretion, and under all the circumstances of the case, the court awards sanctions to Wells Fargo in the amount of $5,000.00.

IT IS SO ORDERED this 18th day of June, 2015.


 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE